IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| PETER J. SMITH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:24cv604-MHT |
| | ) | (WO) |
| WENDY'S INC., | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION

Plaintiff filed this lawsuit asserting claims stemming from an incident in which he reportedly was assaulted by a restaurant employee. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed without opportunity to amend because plaintiff has submitted an affidavit showing that he was not an employee of the restaurant he sued and he therefore cannot state a claim under Title VII, even with amendment. There are no objections to the recommendation. After an independent and de novo review of the record, the court concludes that the

magistrate judge's recommendation should be adopted to the extent it recommends dismissal for failure to state claim under Title VII.

However, in the complaint, plaintiff also arguably seeks to bring a claim under the Civil Rights Act of 1964, separate from the claim under Title VII. *See* Complaint (Doc. 1) at 1 ("Alleged violation of Civil Rights Act of 1964 and Title VII of the Civil Rights Act of 1964."). Title II of the Civil Rights Act prohibits discrimination in "any place of public accommodation... on the ground of race, color, religion, or national origin," 42 U.S.C. §2000a, a potentially applicable provision that the recommendation does not address. In any case, plaintiff has failed to allege sufficient facts to state a claim under that provision, as he says only that he, a Black male, was assaulted by a Black female employee of the restaurant, and states no facts that would give reason to believe that race discrimination was the reason for the purported assault. Accordingly,

the court will dismiss any such claim for failure to state a claim.

In addition, it appears that plaintiff could potentially assert a claim for assault under Alabama law. However, because he has not pleaded the facts necessary to establish federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, his claim is not viable, and the case will be dismissed. If plaintiff wishes to pursue a claim for assault, he may bring a case in state court. In order to preserve the possibility of his doing so, this case will be dismissed without prejudice.

An appropriate judgment will be entered.

DONE, this the 10th day of January, 2025.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**